IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SIMPSON, | No. C 09-02309 CW (PR) |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT |
|   v. | |
| ANTHONY HEDGPETH, Warden, | |
|     Respondent.                   / | |

    On May 26, 2009, Petitioner filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the disciplinary sanction he received for possessing controlled medication resulted in the loss of 130 days of good time credits. He challenges the constitutionality of the prison disciplinary report.

    On February 18, 2010, the Court ordered Respondent to show cause why a writ of habeas corpus should not be issued.

    On April 13, 2010, while this action was pending, Petitioner was released on parole.  (Resp't Ex. 2.)

    Before the Court is Respondent's motion to dismiss the petition on the ground that it is moot because Petitioner has been released from custody.  In the alternative, Respondent argues the petition fails to state a cognizable claim for habeas relief. Petitioner has not filed an opposition to the motion.

    For the reasons set forth below, the Court finds the petition is moot and DISMISSES it.

## DISCUSSION

    Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial

proceedings.  Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed by the terms of the parole constitute a concrete injury, caused by the conviction and redressable by the invalidation of the conviction.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot.  Id.

Courts may presume that a criminal conviction has continuing collateral consequences.  See id. at 8-12 (noting that Supreme Court has been willing to accept hypothetical collateral consequences for criminal convictions).  This presumption, however, does not extend to prison disciplinary proceedings.  Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003), cert. denied, 539 U.S. 933 (2003).  A prisoner seeking to challenge prison disciplinary proceedings in a habeas petition must demonstrate that continuing collateral consequences exist if the punishment imposed as a result of the disciplinary action has expired.  Id.  Allegations that a rules violation finding will affect classification, institutional and housing assignments or privileges, and may result in a delay or

2

denial of parole, involve discretionary decisions too speculative to constitute sufficient proof of collateral consequences. Id. at 481-82.

Here, Respondent claims that because Petitioner was released on parole, he no longer has an injury satisfying the case-or-controversy requirement, nor can he demonstrate any collateral consequences. Therefore, Respondent maintains the present petition should be dismissed as moot.

The Court lacks jurisdiction to consider Petitioner's habeas petition because the record shows that he is no longer in prison. His challenge to the prison disciplinary sanction has become moot. He has not presented the Court with a viable case or controversy; thus jurisdiction is absent. Spencer, 523 U.S. at 7-8.

Additionally, Petitioner's case is moot because the Court is incapable of redressing his asserted injury. He does not meet any exceptions that could allow his habeas petition to survive the mootness inquiry. He has already been assessed the time credit forfeiture; therefore, the punishment imposed as a result of the disciplinary action has expired. He has not alleged any continuing collateral consequences, resulting from the disciplinary sanction imposed upon him while he was incarcerated, that are sufficient to avoid dismissal on the ground of mootness. See Wilson, 319 F.3d at 481. Accordingly, the petition is dismissed as moot.

Because the Court has already decided that Petitioner's case is moot, the Court need not address Respondent's alternative argument that the petition fails to state a cognizable claim for habeas relief.

3

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (docket no. 4) is GRANTED. The petition for a writ of habeas corpus is DISMISSED as moot. The Clerk of the Court shall enter judgment for Respondent, terminate all pending motions, and close the file. The parties shall bear their own costs.

This Order terminates Docket no. 4.

IT IS SO ORDERED.

Dated: 6/25/2010



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DONALD SIMPSON,

        Plaintiff,

  v.

ANTHONY HEDGPETH, et al.,

        Defendants.

Case Number: CV09-02309 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donald A. Simpson P-31013
Salinas Valley State Prison
P.O. Box 1050
Salinas Valley, CA 93960

Dated: June 25, 2010

                        Richard W. Wieking, Clerk
                        By: Nikki Riley, Deputy Clerk